## THE PAOLI.

(Circuit Court of Appeals, Second Circuit.   March 1, 1899.)

### No. 67.

COLLISION—BOTH VESSELS AT FAULT—DAMAGES—DIVISION.
Where the evidence in an action for collision showed that both vessels were in fault, a decree dividing the damages between them was proper.

Appeal from the District Court of the United States for the Southern District of New York.

H. Galbraith Ward, for libelants.

Charles C. Burlingham, for claimant.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM.  This is an appeal by both parties from a decree of the district court for the Southern district of New York in a collision case, in which the court held that both vessels were in fault and divided the damages.   92 Fed. 940.   The collision occurred off Cape Cod, at about 3 o'clock on the morning of May 9, 1897, between the small schooner, Annie E. Rudolph, laden with a cargo of iron pipe on and under deck, bound to Boston, and sailing nearly due north, and the steam tug Paoli, a powerful vessel, with three barges in tow on long hawsers, bound to South Amboy, and going nearly due south, and provided, as was also each vessel of the tow, with proper lights. The night was dark, with clear starlight, the wind was about W. S. W., and the schooner was on her port tack.  She was struck on her starboard side, between her main and mizzen chains, and sank forthwith.  The master and the crew, except the wheelsman and the steward, were lost.  The libel was filed by the owners of the schooner.

The questions in the case are entirely of fact, and within a narrow compass.  The testimony is clearly stated, and is carefully commented upon by the district judge, and need not be repeated here; for we entirely concur in his conclusions, both as to negligence of the tug and of the schooner, although we place less reliance than the district judge apparently did upon the evidence as to the extent of the schooner's luff, which was derived from her heading after she sank. The decree of the district court is affirmed, but, as both parties appealed, without interest or costs of this court.